1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEITORE COATES,                          Case No.  2:22-cv-02124-DJC-JDP (PS)

12                    Plaintiffs,

13           v.                                 FINDINGS AND RECOMMENDATIONS

14    JEFFREY CAREY,

15                    Defendant.

16

17           Plaintiff Coates, proceeding without counsel, filed a request for a restraining order against

18    defendant Carey in California state court.  Defendant—an employee of the U.S. Postal Service—

19    removed to federal court under the federal officer removal statute, 28 U.S.C. §1442(a). ECF No.

20    1.  He thereafter filed a motion to dismiss for lack of subject matter jurisdiction, ECF No. 4, and

21    plaintiff has filed an opposition, ECF No. 11.  I recommend that defendant's motion be granted,

22    and that this action be dismissed without leave to amend.

23                                    **Background**

24           Defendant was plaintiff's direct supervisor at the U.S. Postal Service ("USPS") until

25    plaintiff was transferred to a new facility on May 7, 2022, where he is now supervised by another

26    USPS employee.  ECF No. 1 at 10; ECF No. 4-2 at 1; ECF No. 11 at 3.[1]  Plaintiff alleges that on

27    _____

28    [1] Plaintiff's handwritten request for a restraining order is cursory and partly illegible.
      Although it identifies defendant as plaintiff's former supervisor, it does not mention USPS.  ECF

1

at least one occasion, defendant followed him to his new facility in an "attempt[] to slander and intimidate [plaintiff] in the back office." ECF No. 1 at 10. Plaintiff allegedly reported this harassment to USPS management and informed management that defendant's actions have caused him severe anxiety and fear. *Id.* On July 15, 2022, plaintiff filed a form Request for Civil Harassment Restraining Orders against defendant in the Superior Court of California, County of Sacramento. *Id.* at 13. In it, he requested that defendant be barred from, *inter alia*, harassing him, contacting him, or coming within 100 yards of his person, vehicle, home, or job. *Id.* at 11. On November 29, 2022, defendant filed a notice of removal in this court, asserting that removal is warranted pursuant to § 1442(a)(1) because defendant is an officer of the United States. *Id.* at 1-2. Plaintiff does not oppose removal.

**Legal Standard**

A party may move to dismiss a case for a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because of this, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Removal jurisdiction under § 1442(a) is to be construed "broadly in favor of removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

A jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party "accepts the truth of the . . . allegations [supporting federal jurisdiction] but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air*, 373 F.3d at 1039). In a factual challenge, the court does not simply accept the allegations in the complaint as true. *Id.*

No. 1 at 10. However, defendant attests to the above in his declaration and plaintiff does not contest its accuracy. ECF No. 4-2 at 1. On one page of plaintiff's request, he appears to write "[illegible] of wrongful termination Feb. 2022," ECF No. 1 at 10; however, his allegations otherwise concern actions that occurred at USPS facilities after February 2022, and exhibits attached to his opposition indicate that he was a USPS employee throughout the relevant period, ECF No. 11 at 6-12.

1   Instead, "when challenged on allegations of jurisdictional facts, the parties must support their

2   allegations by competent proof," *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010), and the court

3   makes findings of fact, resolving any material factual disputes by independently evaluating the

4   evidence, *Friends of the Earth v. Sanderson Farms, Inc*., 992 F.3d 939, 944-45 (9th Cir. 2021).

5           Defendant brings a factual challenge to this court's subject matter jurisdiction.  Through

6   both his motion to dismiss and his removal notice, he provides additional factual context

7   necessary to evaluate whether this court has jurisdiction.  ECF Nos. 1 & 4-2.

8                                         **Discussion**

9           Defendant argues that plaintiff's action is barred by sovereign immunity and that the court

10   lacks jurisdiction pursuant to the derivative jurisdiction doctrine.  ECF No. 4-1 at 3-5.  Plaintiff

11   argues that his claim is not barred by sovereign immunity because it is brought solely against

12   defendant in his individual capacity.  ECF No. 11.

13           The United States, as a sovereign, is immune from suit except when it consents to be sued.

14   *United States v. Dalm,* 494 U.S. 596, 608 (1990).  Where a plaintiff names a federal official as

15   defendant—rather than the United States itself—"[t]he general rule is that a suit is against the

16   sovereign if 'the judgment sought would expend itself on the public treasury or domain, or

17   interfere with the public administration,' or if the effect of the judgment would be 'to restrain the

18   Government from acting, or to compel it to act.'"  *Dugan v. Rank*, 372 U.S. 609, 620 (1963)

19   (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947); *Larson v. Domestic & Foreign Commerce*

20   *Corp.,* 337 U.S. 682, 704 (1949)).  If the defendant "officer is not doing the business which the

21   sovereign has empowered him to do or he is doing it in a way which the sovereign has

22   forbidden[, h]is actions are ultra vires his authority and therefore may be made the object of

23   specific relief." *Larson*, 337 U.S. at 689; *Pena v. Gardner*, 976 F.2d 469, 474 (9th Cir. 1992)

24   (Nelson, J., concurring) ("An official is being sued in his individual capacity if his action was

25   beyond the scope of his designated power (i.e., ultra vires).").  "Action is ultra vires in the

26   following three circumstances: (1) if the official's act is beyond the limits of his statutorily

27   designated authority; (2) if the official is acting pursuant to an unconstitutional statute; and (3) if

28

1  the official himself commits an unconstitutional act or deprives another of a federal right." *Pena*,

2  976 F.2d at 474 (citations omitted).

3       Plaintiff's allegations arise from the parties' employment with USPS, and the alleged

4  actions took place solely at USPS facilities.  In particular, defendant allegedly attempted "to

5  slander and intimidate [plaintiff] in the back office" of a USPS facility.  ECF No. 1 at 10.

6  Plaintiff alleges that he initially attempted to resolve this matter through USPS channels,

7  including by "report[ing] to management numerous times [that he] do[es] not feel safe around

8  [defendant]."  ECF No. 1 at 10; *see also* ECF No. 11 at 5-12 (emails to USPS and union officials

9  included with plaintiff's opposition).  Although plaintiff asserts that the harassment was "not part

10 of the Defendant's job responsibilities" and that it took place at a facility where defendant has no

11 supervisory authority, he does not identify how defendant exceeded his statutorily designated

12 authority.  *Cf. Larson*, 337 U.S. at 691-92 (holding that allegations of illegal or unauthorized

13 actions on the part of a government official were insufficient to establish that the official acted

14 beyond the scope of his delegated authority).  Importantly, plaintiff seeks to restrain defendant

15 from contacting plaintiff at his USPS facility.  Since defendant is a USPS employee, such an

16 order would interfere with the authority of the USPS to manage its facilities.  Thus, plaintiff's

17 claim is properly understood as one against the United States.

18      Although the Federal Tort Claims Act waives the United States' sovereign immunity for

19 injuries resulting from a federal agency or employee's tortious conduct, "this waiver extends only

20 to claims for monetary damages, and does not extend to claims for equitable relief."  *Cermak v.*

21 *Babbitt*, 234 F.3d 1356, 1361 (Fed. Cir. 2000); *see* 28 U.S.C. § 1346(b)(1).  Since the United

22 States has not waived sovereign immunity over the type of claim at issue, the claim must be

23 dismissed for lack of subject matter jurisdiction.[2]  Given that sovereign immunity bars plaintiff's

24 claims, granting leave to amend would be futile.  *California Architectural Bldg. Prod. v.*

25 *Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to

26 amend include undue delay, bad faith, prejudice, and futility.").

27

28      [2] Defendant also argues that the derivative jurisdiction doctrine bars this action.  Because I
find that this action is barred by sovereign immunity, I decline to address this argument.

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 4, be granted.

2. Plaintiff's complaint, ECF No. 1, be dismissed without leave to amend.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 17, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5